# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ALTSTATT SERVICES, L.L.C. ET AL., )
)
        Plaintiffs, )
vs. ) NO. CIV-13-0345-HE
)
STATE OF OKLAHOMA *ex rel.* )
OKLAHOMA DEPARTMENT OF SOCIAL )
SERVICES, ET AL., )
)
        Defendants. )

## ORDER

Plaintiffs Altstatt Services, L.L.C., and David Altstatt, Sr., initiated this action in state court seeking a permanent injunction and declaratory relief against defendants, the State of Oklahoma *ex rel.* the Oklahoma Department of Rehabilitation Services ("ODRS"), and Mike Hamrick, in his official capacity as the ODRS Business Enterprise Program Operations Manager. Defendants filed a motion to dismiss on the basis of plaintiffs' failure to exhaust administrative remedies, and that motion is now at issue. Prior to removal, plaintiffs filed a motion for temporary restraining order ("TRO") and temporary injunction.[1] The court concludes the motion to dismiss should be granted, mooting plaintiffs' motion for a TRO or temporary injunction.

This dispute centers around the operation of a federal law known as the Randolph-Sheppard Act ("RSA"), 20 U.S.C. § 107 *et seq.*, which provides, generally, that blind persons licensed by a state agency (here the ODRS) must be given priority to operate vending

---

[1]*Plaintiffs did not file notice of the pending motion as required by the local rules of court. The motion is therefore deemed withdrawn. LCvR 81.2(b).*

facilities on federal property. The ODRS, as the state licensing agency for the RSA in Oklahoma, issues licenses to blind individuals to operate these vending facilities. 7 Okla. Stat. § 71. At issue in this case is a food service contract at the Fort Sill Army post in Lawton, Oklahoma. In the case of large contracts, like the Fort Sill military dining facility contract, the ODRS must be awarded the contract by the federal property manager, and the ODRS then operates that contract through the blind licensed manager it selects. The current Fort Sill contract with the ODRS is set to expire on September 30, 2013. Plaintiff David Altstatt, Sr., applied to the ODRS to be considered for the Fort Sill licensed manager contract. However, the ODRS selected Robert Brown as the licensed manager instead of Altstatt and two other unsuccessful applicants.

Plaintiffs purport to bring this action pursuant to 42 U.S.C. § 1983, alleging that defendants, under color of state law, violated their due process and equal protection rights by failing to consider a factor allegedly required by the rules promulgated by the state agency. Plaintiffs allege the selection committee failed to consider Altstatt's monthly location reviews and annual evaluation as required by Okla. Admin. Code § 612:25-4-59. Plaintiffs also complain about the scoring of Altstatt's Management Plan, asserting that it was done in an unfair and arbitrary manner.

Defendants moved to dismiss plaintiffs' petition on the basis that plaintiffs have failed to exhaust the administrative remedies provided by the RSA. The RSA provides that "[a]ny blind licensee who is dissatisfied with *any action* arising from the operation or administration of the vending facility program may submit to a State licensing agency a request for a full

2

evidentiary hearing." 20 U.S.C. § 107d-1(a) (emphasis added). If the licensee is dissatisfied with the result of that hearing, he may file a complaint with the Secretary, who must then convene an arbitration panel. *Id.* The panel must give notice, conduct a hearing, and render a decision. *Id.* § 107d-2(a). That decision is subject to appeal and review pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et seq. Id.*

Courts to consider the issue hold that exhaustion of the RSA's dispute resolution procedure is mandatory. *See, e.g.*, Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 103 (D.C. Cir. 1986) ("It is unlikely, after establishing a specific dispute resolution system and conditioning judicial review on a final agency action, that Congress contemplated that an aggrieved party could, whenever it chose, circumvent the system and seek *de novo* determination in federal court."); Ky., Educ. Cabinet, Dep't for the Blind v. United States, 424 F.3d 1222, 1228-29 (Fed. Cir. 2005) (holding that arbitration is mandatory for claims arising under the RSA). As the Sixth Circuit stated,

> Congress' decision to provide administrative and arbitration remedies for aggrieved blind vendors clearly evidences a policy judgment that the federal courts should not be the tribunal of first resort for the resolution of such grievances. Rather congressional policy . . . is that blind vendors must exhaust their administrative and arbitration remedies before seeking review in the district courts.

Fillinger v. Cleveland Soc'y for the Blind, 587 F.2d 336, 338 (6th Cir. 1978).

Plaintiffs do not argue that the RSA does not require exhaustion in this situation, or

3

that the administrative scheme is otherwise unavailable for their claim.[2] In fact, it is undisputed that plaintiffs have requested an evidentiary hearing as provided by 20 U.S.C. § 107d-1(a). Rather, plaintiffs argue that they are not required to exhaust their administrative remedies because they brought this action under § 1983 and are therefore not required to comply with the administrative review scheme established by the RSA for these types of issues. However, plaintiffs may not evade the exhaustion requirements in the RSA by styling their action as one for constitutional violations under § 1983. As the District of Columbia Circuit has emphasized,

> [W]hen an alleged constitutional violation "is intertwined with a statutory one, and Congress has provided machinery for the resolution of the latter," the plaintiff must exhaust its administrative remedy before the district court may hear its case. . . . In other words, when the statutory and constitutional claims are "premised on the same facts" and "the administrative process [is] fully capable of granting full relief," exhaustion is required.

Nat'l Treasury Emps. Union v. King, 961 F.2d 240, 243 (D.C. Cir. 1992) (citations omitted); *see also* Fillinger, 587 F.2d at 337-38 (holding that plaintiffs were required to exhaust their administrative remedies under the RSA before the district court could consider the RSA claim and similar claims brought under § 1983).[3] Because plaintiffs have not exhausted their

---

*[2]Plaintiffs filed a supplement to their TRO motion advising the court that the hearing officer in the administrative proceeding is withdrawing from the matter [Doc. #6]. There is no reason to assume from that fact that a new hearing officer cannot be appointed or that meaningful administrative review is otherwise unavailable.*

*[3]Other courts have utilized this principle in analogous contexts. N.B. by D.G. v. Alachua Cnty. Sch. Bd., 84 F.3d 1376, 1379 (11th Cir. 1996) (holding in the context of the Individuals with Disabilities in Education Act that a plaintiff was required to exhaust her IDEA administrative remedies before proceeding with her § 1983 action based on the same claims).*

administrative remedies under the RSA, this action will be dismissed.

Plaintiffs also ask the court to issue a temporary injunction pending administrative review pursuant to the All Writs Act, 28 U.S.C. § 1651 (federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). The court concludes that plaintiffs have failed to establish circumstances sufficient to warrant this extraordinary remedy. *See* Wis. Right to Life, Inc. v. Fed. Election Comm'n, 542 U.S. 1305, 1306 (Rehnquist, Circuit Justice 2004) ("The All Writs Act . . . is to be used 'sparingly and only in the most critical and exigent circumstances.'" (citations and internal quotation marks omitted)); Colorado v. United States, 813 F. Supp. 2d 1230, 1234-38 (D. Colo. 2011).

Defendants' motion to dismiss [Doc. #4] is **GRANTED** and this case **DISMISSED** without prejudice. Plaintiffs' motion for temporary restraining order and temporary injunction [Doc. #1-4] is deemed **WITHDRAWN**.

**IT IS SO ORDERED**.

Dated this 10th day of June, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE